(rev. 11/2015)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
_____Central_____ **DIVISION**

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 2 2020

Myra Johnson

**JAMES W. McCORMACK, CLERK**
By:_____
DEP CLERK

_____
(Name of plaintiff or plaintiffs)

4:20-cv-862-LPR

v.

CIVIL ACTION NO. _4:20MC3-KGB_
(case number to be supplied by the assignment clerk)

Dr. Mark T. Esper
Secretary Department of
Defense (Army & Air Force Service)

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Harris_

(Name of defendant or defendants)

**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.      Plaintiff, _Myra Johnson_ , is a
                        (name of plaintiff)
citizen of the United States and resides at _2404 S. State St_ ,
                                        (street address)
_Little Rock_ , _Pulaski_ , _Arkansas_ , _72206_ ,
   (city)            (county)            (state)         (ZIP)
_501-891-7183_ .
   (telephone)

3.      Defendant, _DOD_ , lives at, or its
                        (name of defendant)
business is located at _Little Rock Air Force Base_ , _Jacksonville_ ,
                        (street address)                    (city)
_Pulaski_ , _Arkansas_ , _____ .
   (county)         (state)            (ZIP)

4.      Plaintiff sought employment from the defendant or was employed by the

defendant at _Little Rock Air Force Base_, _Jacksonville_,
(street address)                          (city)
_Pulaski_, _Arkansas_, _72_.
(county)      (state)      (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about _Nov_ _01_ _2014_.
(month)      (day)      (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about _11_ _01_ _2014_.
(month)      (day)      (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on _____, a copy of which notice
(month)      (day)      (year)
is attached to this complaint.

8. Because of plaintiff's (1) _X_ race, (2) _____ color, (3)_____ sex, (4) _____ religion, (5) _____ national origin, defendant:

(a) _X_ failed to employ plaintiff.

(b) _____ terminated plaintiff's employment.

(c) _X_ failed to promote plaintiff.

(d) _____ _____

_____

_____

_____

_____

9. The circumstances under which the defendant discriminated against plaintiff were

as follows: _not allowing Equal Employment Opportunity, Retaliation & Harassment_

10.     The acts set forth in paragraph 9 of this complaint:

(a) _____ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) __✓__ may still be being committed by defendant.

11.     Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) __✓__ Defendant be directed to re-employ plaintiff, and

(c) __✓__ Defendant be directed to promote plaintiff, and

(d) __✓__ Defendant be directed to _Punitive Damages_

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
SIGNATURE OF PLAINTIFF

May 8, 2019

Director, Office of Federal Operations

Equal Employment Opportunity Commission

P. O. Box 77960

Washington, D. C. 20013

Subject:  Appeal Notice – Myra Johnson and Patrick M. Shanahan, Acting Secretary of Defense AAAFES No. 17.002 (EEOC No. 490-2017-00136X)

Dear Sir or Madam,

My name is Myra Johnson and I writing you today to ask that a hearing be held for my case.  During this entire process, I have been at a severe disadvantage because have no background with situations like this, I am not an attorney, could not afford one and consistently had to endure working and surviving in an intensely hostile work environment to be able to, with extreme difficulty, financially support myself. Given the fact that I am facing an entire legal team by myself, with no legal background, minimal to no support from the EEOC and the Agency, I had enormous difficulty answering the questions and/or interrogatories provided by the Agency. I feel the Agency acted in bad faith in several ways including bombarding me to the point of harassment with constant and continuous rounds of requests for all types of documentation, all with different time constraints and/or deadlines knowing I had not so much as a caseworker or legal Aid to assist me; consistently send case documents to the incorrect email and incorrect physical mailing address as a delaying tactic that adversely affected my ability to meet deadlines. I believe this was done deliberately so that I would have less time to respond or result in a failure to respond by the deadlines requested, resulting overwhelming pressure and extreme emotional distress. I have learned during this process that this is a common and underhanded legal tactic used by the Agency, especially against those without legal assistance. Having to answer a multitude of interrogatories without legal assistance and under severe physical, emotional and mental distress affected my ability to answer the interrogatories themselves in a clear and defined manner.

During this process, I encountered open and frequent hostility at AAFES that made it exceedingly difficult if not impossible for me to gather the necessary information and/or documentation to

effectively support my case. I was blocked from all directions and met with a degree resentment and antagonism that I, at times, feared for my personal safety. At one point, the keys to my personal vehicle were taken and my vehicle moved from where I parked it to the other side of the AAFES parking lot by another AAFES employee. I was subjected to a degree of public workplace humiliation, implied threats, constant changes to my workplace duties with little or no warning or training, disparity of treatment regarding workplace polices and promotion opportunities and unending emotional distress while working that no employee should have to endure. This course of action by those in management and non-management was several fold; to deter me from continuing the complaint process, to negatively affect my advancement at AAFES, as I had not received a promotion during my five (5) years of employment at AAFES, to deter other AAFES employees with similar experiences to assist and/or air their grievances and to force me to resign my position at AAFES. I was harassed, mistreated, threatened and left alone to navigate a system and process designed by the Agency to protect them and set me up for failure. If I could have at least been assigned a caseworker and/or Aid for guidance by the EEOC, I could have gained assistance to help me navigate the sheer magnitude of continuous requests for information by the Agency regarding my case and thereby bring these acts of injustices against me to the forefront and clear for all to see.

Due to, but not limited to, the above listed interference and dilatory practices by the Agency, I did not receive crucial information and/or documentation which resulted in my not being allowed to gain access to Discovery from the Agency which negatively affected my ability to properly defend myself and support my case. Discovery is an essential aspect of this adversarial process that should not result in a decidedly one-sided view.

I believe not granting a hearing to further address the bias and unequal documentation submitted thus far, would continue that injustice and allow the Agency 'walk away' with impunity. It would also not allow me a legitimate opportunity to present my case and allow them to place another AAFES employee in the same position. I respectfully request a hearing in the manner of fairness and the ability to be rightfully heard.

Thank you in advance,

Myra Johnson

**From:** M Johnson
**Sent:** Saturday, May 4, 2019 4:28 AM
**To:** vetrep09@outlook.com
**Subject:** rough draft

Item 1 :  For the rating period April 2015 to April 2016, Johnson did not receive performance award, assessment, and performance pay increase.

I believe that the Agency management were intentional and inflicting emotional distress and emotional trauma. The Agency was reckless and responsible for not adhering to normal policies with regards to executing my mid-term evaluation and caused more extreme sustained  action by not completing my annual PER in a reasonable and or timely manner. This was insulting disrespecting and also cause further harm for managers, supervisors and some co workers. I suffer depression, insomnia, extreme nervousness and high blood pressure. The Agencies action went against the E.O.P. I feel as tho management fail to address my complaints or request in a timely matter which further deteriorated my mental, physical and emotional health. This was clearly and aggravated work environment the has changed my entire life forever. Noone should be subjected to such deceitful harassment.

Item 2 :  On June 17, 2016, Johnson was directed by manager Frank Sewell and Rosanna Fletcher to remove her bag from the customer service area and on June 22, 2016, manager Frank Sewellissued her a communication card entry related to the incident.

I feel that this is another failed policy issue. The mere fact that I was singled out and harassed by management who willingly failed to implement the "bag " policy prior to my said incident ,while allowing two other employees to break the same  policy standard without repercussion. This cause more physical and mental pain, emotion suffering and also caused in my state of mind at that time, a reasonable reaction from me. I was a victim of co- worker isolation as well as management personnel with regards to the issuance the communication card entry. Let it be noted that, the other two employees where in violation at least  3-5 months prior to my incident. I couldn't sleep and frequently was late for work because of the treatment. I'm very concerned and afraid of any future employment in a social environment.

I further believe that crucial information was left out that would be more favorable to my case if taking into consideration that the people involve in my first case

I am requesting an appeal regarding the final decision of my discrimination case against AAFES. I feel that the agency management, including several supervisors retaliated against me because of past work attendance. I was singled out and treated differently and at one point not given a midterm evaluation and to further insult me, not given a timely annual evaluation as required by the agencies policy. When addressing the issues with other employees they to agreed that it was unfair. I feel that they broke the and in doing so they left me no choice but to initiate a complaint. Thereafter I was further humiliated and treated with more scrutiny. During this entire process, I was not paid and or given advancement opportunities before employees who were hired after me, and I was excluding from training and then given negative write ups and performance reviews. A clear form of discrimination.

I encountered open hostility which made me fear for my safety. At one point my car was literally taken and moved from where I parked it to another location in AAFES parking lot by one of the employees. The degree of humiliation, infliction of emotional fear by one manager was clearly (bullying) done to detour me from continuing my complaint process. He clearly caused a negative effect and continued adverse employment action on me by demoting and failing to promote me. Clearly creating a hostile work environment. I feel that I had no help and or support to defend myself while employed at AAFES and the Government did not assist me to fully bring these acts of injustices against me to the forefront. I am not an attorney, and I could not I afford one. There was no one assisting me throughout this process and I felt that the EEOC should have at least appointed some form of legal help, be it and I feel strongly that by granting me a hearing these injustices will not happen at this AAFES to someone else who cannot financially, legally, defend themselves.

CERTIFICATE OF SERVICE

I, Myra Johnson, hereby certify that I have caused a copy of the attached items of my Appeal to be sent to the following as indicated via facsimile.

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P. O. Box 77960
Washington, D. C. 20013
(202) 663-7022

Equal Employment Opportunity
Headquarters AAFES-EEODI
P. O. Box 650077
Dallas, Tx 75265-0077
(214) 312-4258
(214) 465-2914 Fax

MYRA JOHNSON

May 8, 2019



LITTLE ROCK AR 722

22 FEB 2020 PM 4 1

United States of America
Equal Employment Opportunity Commission
Me...   T.   75 104

Att

NIXIE        551   DE   1        0002/24/20

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

BC: 72206212004     *2057-03966-22-36

Myra L. Johnson
2404 S. State Street
...ttle Rock, Arkansas
72206-2120

February 17, 2020


To whom it may concern:


I Myra L. Johnson would I like to exercise my right to -<u>REQUEST TO REQUEST
COUNSEL (ZO815).</u>  I cannot afford an attorney and will need assistant with the
entire process at this time.  I am requesting for the court costs or appointment of
an attorney directly from the court.  I have evidence that has not been considered
and would ask the Courts to consider hearing my case.


Complainant: Myra L Johnson-Appeal No 2019003438
            <u>COMPLAINTANTS RIGHT TO FILE A CIVIL ACTION (SO610</u>

Defendant:   Dr Mark T. Esper, Secretary
            Army & Airforce Exchange Service
            Department of Dense
            Hearing NO490-2017-00136X
            Agency No. 17002


Respectfully,


Myra L Johnson



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Myra Johnson, a/k/a
Belkis D.,[1]
Complainant,

v.

Dr. Mark T. Esper,
Secretary,
Department of Defense
(Army & Air Force Exchange Service),
Agency.

Appeal No. 2019003438
Hearing No. 490-2017-00136X
Agency No. 17002

DECISION

Complainant filed a timely appeal, pursuant to 29 C.F.R. § 1614.403, from the Agency's April 8, 2019 final order concerning an equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

At the time of events giving rise to this complaint, Complainant was employed by the Agency as a Customer Service Teller at the Agency's Little Rock Air Force Base Exchange in Little Rock, Arkansas. On October 18, 2016, Complainant filed an EEO complaint alleging she was subjected to discriminatory harassment by the Agency on the basis of reprisal when: (1) for the rating period April 12, 2015 to April 10, 2016, she did not receive a performance award, assessment and performance pay increase; (2) on June 17, 2016, she was directed by Managers to remove her bag from the customer service area and on June 22, 2016, she was issued a communication card entry related to the incident; (3) on October 3, 2016, a manager attempted to take away her break; (4) on October 21, 2016, the sales area manager denied her from earning more work hours when her scheduled off days were switched to vacation leave; (5) on October 31, 2016, a manager confronted her with lots of questions, directions, and orders in front of a customer and coworkers in a demeaning and offensive manner; and (6) a co-worker (unknown time frame) stood by the door and denied her immediate entry to clock in to work.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. The Agency submitted a motion for a decision without a hearing. The AJ subsequently issued a decision by summary judgment in favor of the Agency. The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review..."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

### STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.   The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.   The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

4                                      2019003438

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


<u>January 22, 2020</u>
Date

5                                        2019003438

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**.  I certify that this decision was mailed to the following recipients on the date below:

Myra Johnson
2404 S. South State St.
Little Rock, AR  72206

Howard Love, Sr.
6509 Sherry Drive
Little Rock, AR  72204

Diana Culberson, Vice President, EEO & Diversity Inclusion
Army & Air Force Exchange Service
ATTN: EEODI
3911 South Walton Walker Blvd
Dallas, TX 75236-0059

January 22, 2020
Date

Compliance and Control Division



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

1407 Union Avenue
Suite 900
Memphis, TN 38104
(901) 544-0119
TTY (901) 544-0112
FAX (901) 544-0111
1-800-669-4000

| | |
|---|---|
| Myra Johnson,<br>        Complainant, | ) EEOC No.  490-2017-00136X<br>) Agency No. F17002<br>) |
| v. | )<br>)<br>) |
| Secretary,<br>DOD Army and Air Force Exchange Service,<br>        Agency. | )<br>)<br>)<br>)<br>)<br>) |
| | ) Date:    March 11, 2019 |

### ORDER ENTERING JUDGMENT FOR AGENCY

For the reasons set forth below in the DECISION WITHOUT A HEARING UPON AGENCY'S MOTION, a **Judgment For Agency** is entered.  A notice to the parties explaining their appeal rights is set forth below.

**SO ORDERED** this the 11th day of March, 2019.

For the Commission:

Joseph M Crout

Digitally signed by Joseph M Crout
DN: cn=Joseph M Crout, o=US EEOC,
ou=Memphis District Office,
email=joseph.crout@eeoc.gov, c=US
Date: 2019.03.11 15:27:17 -05'00'

Joseph M. Crout
Administrative Judge, EEOC
Memphis District Office

### DECISION WITHOUT A HEARING UPON AGENCY'S MOTION

## I. BACKGROUND

This matter is now before the EEOC on the Agency's Summary Judgment Motion pursuant to 29 C.F.R. § 1614.109(g) (Motion) (received September 5, 2018).  Complainant has not responded to the Motion.  A review of the record indicates that all other procedural pre-requisites have been met.  This matter is thus in a proper posture for decision on the Agency's motion.

1

## II. ISSUE

Was Complainant subjected to harassment and retaliation because of her protected EEO activity when:

1. For the rating period April 12, 2015 to April 10, 2016, Complainant did not receive performance award, assessment and performance pay increase,

2. On June 1 7, 2016, Complainant was directed by Managers Frank Sewell and Rosanna Fletcher to remove her bag from the customer service area and on June 22, 2016, manager Frank Sewell issued her a communication card entry related to the incident,

3. On October 3, 2016, manager Wanda Calhoun attempted to take away Complainant's break,

4. On October 21, 2016, sales area manager, Merci Marulli denied Complainant from earning more work hours when Ms. Marulli switched her scheduled off days for vacation leave, and

5. On October 3 1, 2016, Wanda Calhoun, confronted her with lots of questions, directions, and order in front of a customer and coworkers in a demeaning and offensive manner, and

6. Steven Austin (unknown time frame) stood by the door and denied Complainant immediate entry to clock in to work.

## III. APPLICABLE LAW

The regulations allow an EEOC Administrative Judge to issue a decision without a hearing when she finds that there is no genuine issue of material fact or credibility in dispute. *See* 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure and allows for the entry of summary judgment if the pleadings, answers to interrogatories, admissions, affidavits, and other evidence establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See also Murphy v. Department of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003) (noting that regulation governing decisions without hearing is modeled after Fed. R. Civ. P. 56). Only disputes over facts that might affect the outcome of the suit under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue of material fact if the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the party opposing summary judgment. *Id.*

In ruling on a motion for summary judgment, the Administrative Judge's function is not to weigh the evidence, but rather to determine whether there are genuine issues for hearing. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage, and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. In this administrative process, summary judgment may only be granted when the record is sufficiently developed to support a decision without a hearing, keeping in mind the quasi-investigative nature of these proceedings. *See Petty v. Department of Defense,* EEOC Appeal No. 01A24206 (July

2

11, 2003); *Murphy, supra.* Summary judgment cannot be granted by default, i.e., merely because the non-moving party failed to respond, as the Administrative Judge is "nevertheless responsible for examining the record to determine whether there [are] any issues of material facts in dispute and whether the agency, as the moving party, [is] entitled to judgment as a matter of law." *Bracey v. United States Postal Service*, EEOC Appeal No. 01912620 (November 6, 1991).

In the absence of direct evidence of discrimination, a claim alleging disparate treatment is examined under the three-part test set forth in *McDonnell-Douglas Corporation v. Green,* 411 U.S. 792 (1973). Under this analysis, a complainant initially must establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination. *See St Mary's Honor Center. v. Hicks,* 509 U.S. 502, 507 (1993); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981); *McDonnell-Douglas,* 411 U.S. at 802. The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for the challenged actions. *See Burdine,* 450 U.S. at 253-54; *McDonnell-Douglas,* 411 U.S. at 802. Ultimately, a complainant must prove, by a preponderance of the evidence, that the agency's articulated reason for its action was not its true reason, but a sham or pretext for unlawful discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 143 (2000); *Hicks,* 509 U.S. at 511; *Burdine,* 450 U.S. at 252-53; *McDonnell-Douglas,* 411 U.S. at 804. Specifically, a complainant must demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group.

It is well established that in order for two or more employees to be considered similarly situated, all relevant aspects of the employees' work situation must be identical or nearly identical, *i.e.,* that the employees report to the same supervisor, perform the same job function, and work during the same time periods. *See Sibley v. U.S. Postal Service,* EEOC Request No. 0520070076 (February 6, 2007) (citing *Anderson v. Department of Treasury,* EEOC Appeal No. 01A22092 (March 13, 2003).

Without evidence that the complainant and another employee are similarly situated, a complainant's mere assertion that another employee was treated more favorably does not create a genuine issue of material fact. Manning v. United States Postal Service, EEOC Appeal No. 01A41427 (July 28, 2005).

As set forth in *McDonnell-Douglas Corporation v. Green,* 411 U.S. 792 (1973) and *Hochstadt v. Worcester Foundation for Experimental Biology,* 425 F. Supp. 318, 324 (D. Mass.), *aff'd,* 545 F.2d 222 (1st Cir. 1976), a complainant may establish a *prima facie* case of reprisal by showing that: (1) he/she engaged in a protected activity; (2) the agency was aware of the protected activity; (3) subsequently, he/she was subjected to adverse treatment by the agency; and, (4) a nexus exists between the protected activity and the adverse treatment. *See Whitmire v. Department of the Air Force*, EEOC Appeal No. 01A00340 (September 25, 2000).

Pretext can be demonstrated by "showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [agency's] proffered legitimate reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence." *See Dalesandro v. U.S. Postal Service,* EEOC Appeal No. 01A50250 (January 30, 2006) (citing *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir. 1997)).

3

In order to establish a claim of harassment due to a hostile work environment, a complainant must show that: (1) he/she is a member of a statutorily protected class; (2) he/she was subjected to unwelcome conduct; (3) the harassment complained of was based on his/her protected class; (4) the harassment had the purpose or effect of unreasonably interfering with his/her work performance and/or creating an intimidating, hostile, or offensive work environment; and, (5) there is a basis for imputing liability to the employer. *See Staib v. Social Security Administration*, EEOC Appeal No. 01A22011 (September 26, 2003) (citing *Flowers v. Southern Regional Physician Service Inc.*, 247 F.3d 229 (5th Cir. 2001) and *Fox v. General Motors Corporation*, 247 F.3d 169 (4th Cir. 2001)).

The harasser's conduct should be evaluated from the objective viewpoint of a reasonable person in the victim's circumstances. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993); Enforcement Guidance on *Harris v. Forklift Systems, Inc.*, EEOC Notice No. 915.002 (March 8, 1994) (Guidance). In assessing allegations of harassment, the Commission examines factors such as the frequency of the alleged discriminatory conduct, its severity, whether it is physically threatening or humiliating, and if it unreasonably interferes with an employee's work performance. *See Harris*, 510 U.S. at 23; Guidance at 3, 6. Usually, unless the conduct is pervasive and severe, a single incident, or group of isolated incidents, will not be regarded as discriminatory harassment. *See Walker v. Ford Motor Company*, 684 F.2d 1355, 1358 (11th Cir. 1982). Moreover, the alleged harassing conduct must also be sufficiently continuous, not merely episodic, in order to be considered pervasive. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998). In *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998), the Supreme Court found that the employment discrimination laws enforced by the Commission are not to be used as a "general civility code." Rather, they forbid "only behavior so objectively offensive as to alter the conditions of the victim's employment." *Id.* On the other hand, it is well established that an employer who creates or tolerates a work environment which is permeated with "discriminatory intimidation, ridicule, and insult," that "is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," is in violation of the Commission's regulations. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986)).

Under the third requirement, the Complainant must establish some nexus between the alleged harassment and the protected characteristic. *See* Hadley, Earnest C., *A Guide to Federal Sector Equal Employment Law and* Practice, at Ch. 12, § II.C (2015) (citing *Brown v. Secretary of Air Force*, EEOC Appeal No. 01A60163 (March 30, 2006); *Ortega v. United States Postal Service*, EEOC Appeal No. 01995243 (May 3, 2001)). Often, this requisite causal connection is evidenced by the nature of the alleged harassing conduct, such as when the conduct is sexual or where the alleged actor uses derogatory racial or ethnic epithets directly related to the protected characteristic of the victim. When nothing in the alleged conduct itself is inherently associated with some protected characteristic, a complainant must provide other evidence linking the conduct to the characteristic. *See* Hadley, *supra*. The *McDonnell-Douglas* analysis, though generally inapplicable to hostile work environment claims, can be useful in a situation where an employer claims conduct was not based on a protected category and the conduct itself is not, by its nature, inherently linked to the protected characteristic. *See* Hadley at Ch. 12, *Introduction*. When the agency offers legitimate, nondiscriminatory reasons for its actions, the complainant then bears the burden of refuting those reasons by providing some evidence that the actions were

4

in fact based on the protected characteristic.  *See Fowler v. United States Postal Service*, EEOC Appeal No. 01A02804 (April 15, 2002).

## IV.  ANALYSIS AND FINDINGS

   The undersigned has conducted an independent review of all pleadings related to the Agency's Motion, and the investigative file (*hereinafter* IF) and finds that the Motion is well taken. The Agency's statement of material facts has been thoroughly reviewed and compared against the facts as reflected in the IF.  The Agency's statement of material facts is incorporated by reference, pursuant to Chapter 5, Section II, Subsection (D)(1) of the Administrative Judges' Handbook, and if there are any caveats, they are discussed below. Taking the evidence in the light most favorable to Complainant and drawing all reasonable inferences in her favor, there are no genuine issues of material fact or issues of credibility, and the Agency is entitled to judgment as a matter of law.

**Issue 1:  For the rating period April 12, 2015 to April 10, 2016, Johnson did not receive performance award, assessment, and performance pay increase.**

   Agency policies provide that employees such as Complainant, receive their annual performance evaluation (PER) on the anniversary date in their band/tier. Johnson's annual PER normally occurs every April.   The IF reflects that a mistake was made by the Agency in issueing her performance appraisal on time.  Specifically, due to this oversight by the Exchange, Johnson did not receive her PER in April as scheduled. The Agency became aware of error causing the the late PER on August 3, 2018.  On September 21, 2016, Johnson received her PER for the April, 2015 — April, 2016 rating period.  Johnson ultimately received a score of 9 (Satisfactory) which resulted in a 1% merit pay increase raising her base hourly rate (BHR) from $8.31/hour to $8.40/hour.  Complainant further received the performance award to which she was entitled.

**Issue 2: On June 17, 2016, Johnson was directed by Managers Frank Sewell and Rosanna Fletcher to remove her bag from the customer service area and on June 22, 2016, manager Frank Sewell issued her a communication card entry related to the incident.**

   Regarding management's instructions that she not keep her personal belongings in a Customer Service office, the Exchange's long-standing policy is that personal items should be separate from customer contact areas and be placed in lockers. The IF reflects that Johnson was well aware of this policy.  Further, Johnson knew that a bag must fit in the locker, and that at the time she reported to work, the bag would not fit into her locker. Finally, the Agency did not single out Johnson for different treatment as evidenced by the counselings issued to her co-workers (McGhee and York) for similar behavior.

**Issue 3:  On October 3, 2016, Manager Wanda Callahan attempted to take away Johnson's break.**

The IF reflects that Complainant reported to work on October 3, 2016 at 3:30 pm. Johnson admitted that she cashed her paycheck on work time and without authorization from management. Management then counted the time that that Complainant utilized cashing her paycheck as her break time.  Complainant has failed to show how management's decision to count that time towards her break was in response to her prior EEO activity. Johnson suffered no harm and was not disciplined for her failure cash her pay check during an authorized break period.  Finally, the IF reflects that Johnson received another break later in the day while still on her shift.

*[handwritten left margin: Not True]*
*[handwritten right margin: Look for question & Answer on break. in IOR]*
*[handwritten: No true   Don't suffer any harm but did suffer Harassment]*

**Issue 4:  On October 21, 2016, Sales Area Manager, Merci Marulli denied Johnson from earning more work hours when Marulli switched her scheduled off days for vacation leave.**

On October 15-17, 2016, Johnson was on approved annual leave. Complainat Johnson also had October 18, 2016 as her scheduled day off.   On or around October 18, 2016, Sales Area Manager Merci Marulli asked Johnson to work a closing shift on October 20, 2016. Complainant agreed to work the shift, but she was dissatisfied that Marulli counted one of her annual leave days as a scheduled day off instead of giving her an additional scheduled day off. Complainant worked on October 20 and 21, 2016.  There is no proof in the IF  that Marulli was obligated to change one of her annual leave days to a scheduled day off,  or any failure of Marulli to do so was in response to her prior EEO activity. Johnson had already taken the leave at the her supervisor asked her to work later that week.

**Issue 5:  On October 31, 2016, Wanda Callahan. confronted Johnson with lots of questions, directions, and order in front of a customer and coworkers in a demeaning and offensive manner.**

Complainant asserts that on October 3 1, 2016, Callahan confronted her with lots of questions, directions, and orders in front of a customer and her coworkers. Specifically, Callahan repeatedly instructed her to fill out a customer's information on a form so that it would be legible.  The IF does not contain any evidence to show that these were given for any other than a response to Johnson's work performance.  Providing legible records is necessary in the course of operating the facility, and a supervisor is tasked with seeing that Agency employees provide satisfactory customer service. There simply is no proof in the IF that Callahan's actions and statements were motivated by Complainant's prior EEO activity.

*[handwritten: Complaint sent Kimberly Blanton - Day full voice records of that day]*

6

**Issue 6:  Steven Absher stood in the door and denied Johnson immediate entry to clock in to work.**

Complainant asserts that on October 3, 2016, Senior Store Associate Stephen Absher stood in front of the employee entrance and would not let her in to clock into work. There is no evidence contained int the If that indicates that the action caused her to clock in late or that she received any counselings or discipline because of Absher's actions, and again, there is no proof in the IF that Absher stood in the door because of Complainant's prior EEO activity.

Reviewing all of the above pursuant to the appropriate standard as set forth in the *Applicable Law* section, there is no question as to any material fact in any of the issues raised by Complainant that would present a material fact question making Summary Judgment inappropriate.  Specifically, Complainant has not presented proof through material facts that would prove a *prima facie* case of retaliation or hostile work environment harassment.  There is simply no proof that Complainant's prior EEO activity was considered in regards to the above issues, and the issues raised do not rise to the level of pervasive and severe conduct required to sustain a claim for hostile work environment harassment.

As the Agency points out in its motion, it has presented the above enumerated legitimate business related and non-discriminatory reasons for its actions under all of the alleged illegal acts.  The Complainant carries the burden of proving, through material facts that the Agency's stated reasons are not trustworthy, and instead are a pretext for illegal retaliation and hostile environment harassment based on her prior EEO activity.  Complainant, simply put, has not presented proof that the Agency's stated non-discriminatory reasons are pretextual.  Finally, at the end of the day, Complainant must offer proof, through material facts, and not simply belief or conjecture, that the allegations are borne out, and that the reason for these actions was to retaliate against her and  harass her based upon her prior EEO activity, and that the actions were pervasive and severe.  Complainant simply has not met this burden.

For these reasons, the undersigned finds that Complainant has not raised any genuine issue of material fact that the Agency's actions were illegal or that its stated reason for its actions were pretextual.

## V. CONCLUSION

Therefore, viewing the evidence as a whole and in the light most favorable to Complainant, the undisputed evidence supports the conclusion that the Agency is entitled to Summary Judgment on Complainant's complaint.  Because there are no genuine issues of material fact or credibility, and the Agency is entitled to judgment as a matter of law, the Agency's Motion for a Decision Without a Hearing is **GRANTED**.

7

## VI. NOTICE

### TO THE AGENCY:

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. § 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, August 5, 2015, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### TO THE COMPLAINANT:

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

### WHERE TO FILE AN APPEAL:

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 55W12G
Washington, D.C. 20507

BY FACSIMILE:

Number: (202) 663-7022

Facsimile transmissions of more than ten (10) pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency.  If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

**SO ORDERED** this the 11th day of March, 2019.

Joseph M
Crout

Digitally signed by Joseph M Crout
DN: cn=Joseph M Crout, o=US EEOC,
ou=Memphis District Office,
email=joseph.crout@eeoc.gov, c=US
Date: 2019.03.11 15:28:01 -05'00'

Joseph M. Crout
Administrative Judge, EEOC
Memphis District Office