**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**MYRA JOHNSON**                                                                                              **PLAINTIFF**

**v.**                                        **Case No. 4:20-cv-00862-LPR**

**DEPARTMENT OF DEFENSE,
Dr. Mark Esper, Secretary, Army and
Air Force Service**                                                                                            **DEFENDANT**

## ORDER

On July 22, 2020, *pro se* Plaintiff Myra Johnson brought this employment action under Title VII of the Civil Rights Act of 1964.[1]  Ms. Johnson alleges that she suffered race discrimination during her employment at the Little Rock Air Force Base.

Upon compulsory screening of the Complaint,[2] I discovered that Ms. Johnson's Complaint appears to have been untimely filed.[3]  It was filed more than ninety (90) days after Ms. Johnson received her right-to-sue notification, which came along with notice of the EEOC's ultimate denial of her claim.[4]  This information was derived from the face of her Complaint, which attached and incorporated the relevant EEOC decisions and notices.[5]  The Complaint did not contain anything that even hinted at the idea that equitable tolling was applicable, that the Complaint was actually timely, or that the untimeliness could be excused for any other reason.[6]

---

[1] 42 U.S.C. §§ 2000e *et seq*.

[2] 28 U.S.C. § 1915(e)(2).

[3] Order, Doc. 5; 42 U.S.C. § 2000e-5(f)(1) (Title VII actions must be brought within 90 days of the receipt of a right-to-sue notification.).

[4] Order, Doc. 5.

[5] Complaint, Doc. 2.

[6] *Id.*

The untimeliness of the Complaint is a valid reason for preservice dismissal under 28 U.S.C. § 1915(e)(2).[7] Out of an abundance of caution, I gave Ms. Johnson the opportunity to show cause why the case should not be dismissed as time-barred.[8] Specifically, I wrote:

> Title VII civil actions must be brought within ninety (90) days of the receipt of a right to sue notification. Reviewing the documents provided, Ms. Johnson was informed of the ninety day requirement. The attachment to the OFO's appeal denial includes the right-to-sue notification. The certificate of mailing from the OFO explained that the EEOC considers the recipient notified within five calendar days of this mailing. The mailing took place on January 22, 2020. Five calendar days from that date is January 27, 2020. By that calculation, Ms. Johnson had until Monday, April 27, 2020 to file her civil suit. She did not. Ms. Johnson filed this lawsuit on July 22, 2020, eighty-six days late. As a result, Ms. Johnson's complaint appears to be time-barred.
>
> Because Ms. Johnson is *pro se*, however, I want to give her the opportunity to show cause why the case should not be dismissed as time-barred. Ms. Johnson has thirty (30) days to file a written submission explaining (1) whether she disputes that her lawsuit is untimely as described above, and (2) if she does not dispute the untimeliness of her lawsuit, whether she has an explanation as to why it was untimely and why I should overlook that error. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.[9]

Ms. Johnson has filed a response.[10] She does not say that her Complaint was timely. Instead, Ms. Johnson asks that her delay be excused due to (a) an overwhelming financial burden caused by unemployment; (b) the loss her car (and "a slew of other problem[s]") due to an accident; (c) the on-going need to provide childcare for her grandchildren due to her daughter's employment in the

---

[7] *Cf. Winston v. Burl*, 596 Fed. App'x 525 (8th Cir. 2015) (unpublished disposition) (affirming § 1915A preservice dismissal of claims that were barred by a statute of limitations); *Briggs v. Wheeling Machine Product Co.*, 499 Fed. Appx. 634 (8th Cir. 2013) (unpublished disposition) (upholding preservice dismissal of an ADA claim because plaintiff's initial claim with the EEOC was untimely).

[8] Order, Doc. 5.

[9] *Id*. (citations omitted).

[10] Response, Doc. 6.

healthcare industry during the global pandemic; and (d) the fact that she doesn't have a lawyer and thus feels overwhelmed by the entire process.[11]

Title VII's 90-day limitation period is subject to equitable tolling.[12] "The Supreme Court has held that equitable tolling is justified where the notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction."[13] The Eighth Circuit has limited tolling to circumstances truly beyond the party's control.[14] Certainly, more than a "garden variety claim of excusable neglect" is necessary.[15] While I am very sympathetic to Ms. Johnson's struggles, nothing in her Response suggests (or raises a reasonable inference) that equitable tolling would be appropriate here, or that there might be any other basis for excusing the 86-day lateness of her Complaint. Ms. Johnson has failed to explain how any of the struggles she identified prevented her from filing her Complaint within the 90-day limitation period. Or why they caused such significant lateness (86 days after the 90-day deadline).

Accordingly, Ms. Johnson's case is DISMISSED without prejudice. Ms. Johnson's embedded motion for reconsideration of the appointment of counsel is DENIED as moot. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[11] *Id.*

[12] *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir. 1989).

[13] *Id.* at 1124 n.2 (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (*per curiam*)).

[14] *Id.* at 1124.

[15] *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling . . . where the complainant has been induced or tricked . . . into allowing the deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

IT IS SO ORDERED this 2nd day of September, 2020.

                                                         _____
                                                         LEE P. RUDOFSKY
                                                         UNITED STATES DISTRICT JUDGE